*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS TOLES,

Plaintiff-Appellant,

v

MICHIGAN BELL TELEPHONE COMPANY,

Defendant-Appellee.

UNPUBLISHED
October 10, 2019

No. 342285
Genesee Circuit Court
LC No. 16-107452-CD

Before: REDFORD, P.J., and JANSEN and LETICA, JJ.

PER CURIAM.

Plaintiff, Thomas Toles, appeals as of right the trial court's order granting summary disposition on his claim of race-based employment discrimination in favor of defendant, Michigan Bell Telephone Company, under MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

Plaintiff brought this employment discrimination action under the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*, on the basis of several of defendant's managers permitting and enabling a discriminatory workplace environment by making racially discriminatory statements, disproportionately disciplining African-American employees, and failing to report allegations of discriminatory conduct. Plaintiff began working as a premises technician at defendant's Flint, Michigan, location in 2013. Plaintiff was responsible for installing and repairing U-verse telephone, Internet, and television services at customers' residences. Plaintiff received a work vehicle and worked independently. Plaintiff was also allocated two 15-minute breaks and one unpaid meal break. During the period relevant to plaintiff's claim, plaintiff reported to a network services manager ("NSM") and an area manager.

Plaintiff alleged that defendant's managers treated African-American employees less favorably than Caucasian employees, made racist comments, and contributed to or allowed a racially discriminatory atmosphere. Plaintiff also alleged that defendant's actions constituted race discrimination in violation of the ELCRA and that he suffered economic and noneconomic damages because of defendant's actions. Plaintiff further alleged that defendant took adverse employment actions against him, including issuing verbal and written discipline and suspending

-1-

him. Plaintiff argued that these adverse employment actions gave rise to an inference of race-based discrimination and that defendant treated plaintiff and other employees in the same protected class less favorably than similarly situated Caucasian employees.

Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff did not establish a prima facie claim of discrimination because he did not suffer any adverse employment action and plaintiff failed to demonstrate that defendant's reason for the disciplinary actions were a pretext for unlawful discrimination.

In response to defendant's motion, plaintiff identified only one adverse employment action: the NSM issued him a one-day suspension in January 2014 for a misuse of company time when he took an unauthorized work break, including stopping at his aunt's house, on his way back to the Flint garage. Plaintiff presented evidence that defendant's reason for this suspension was pretextual. Plaintiff's supporting evidence included defendant's managers' multiple racially discriminatory comments, violations of defendant's policies for reporting and addressing discrimination allegations, tolerance of a discriminatory atmosphere, and discipline of African-American employees more frequently than Caucasian employees.

Defendant responded that plaintiff failed to demonstrate that he was treated less favorably than individuals outside of his protected class.

Although the trial court initially granted defendant's motion for summary disposition and dismissed plaintiff's claim without prejudice, it allowed plaintiff the opportunity to present admissible evidence of disparate treatment as well as a racially-motivated adverse employment action. And the trial court permitted supplemental briefing regarding whether plaintiff suffered a financial loss because of his suspension and permitted plaintiff to move to reinstate the case or refile his claim if he was able to present admissible evidence of disparate treatment and a racial motivation for his suspension.

After supplemental briefing, the trial court found that, as an African-American, plaintiff was a member of a protected class and that he was qualified for his employment position. The trial court noted that the parties disputed whether plaintiff suffered an adverse employment action. The trial court further found that plaintiff's proffered comparable examples of less severe discipline involving Caucasian employees, which were the basis for plaintiff's disparate treatment argument, were dissimilar and not comparable to plaintiff and his disciplinary treatment. The trial court further determined that plaintiff's allegations of discriminatory conduct against him and other African-American employees did not establish that defendant's articulated reason for plaintiff's one-day suspension was pretextual. The trial court then granted defendant's motion for summary disposition and dismissed plaintiff's claim.

Plaintiff appeals as of right.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant a motion for summary disposition. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim and may be granted when there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). In reviewing such a motion, a court considers the pleadings, affidavits, depositions, admissions, and documentary evidence in a light most favorable to the nonmoving party. *Id*. "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ." *Bennett v Detroit Police Chief*, 274 Mich App 307, 317; 732 NW2d 164 (2006).

## III. ANALYSIS

Plaintiff argues the trial court erred by: (1) determining that he failed to establish a prima facie claim of discrimination[1]; and (2) failing to consider evidence that defendant's reason for plaintiff's one-day suspension was pretextual. We disagree.

## A. PRIMA FACIE CLAIM

The ELCRA prohibits an employer from discriminating against an individual on the basis of race. *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 606; 886 NW2d 135 (2016). In relevant part, MCL 37.2202(1)(a) provides that an employer may not:

> Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.

A plaintiff may prove unlawful discrimination on the basis of direct or indirect evidence. *Hazle v Ford*, 464 Mich 456, 462; 628 NW2d 515 (2001). Direct evidence is "evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id*. (quotation marks and citation omitted). Absent direct evidence of unlawful discrimination, a plaintiff may "present a rebuttable prima facie case on the basis of proofs from which a factfinder could *infer* that the plaintiff was the victim of unlawful discrimination" by meeting the requirements set forth in *McDonnell Douglas v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973) (quotation marks omitted). To do so, a plaintiff must show that (1) he is a member of a protected class; (2) he was subject to an adverse employment

---

[1] Arguably, plaintiff abandoned any argument challenging the trial court's determination that he failed to establish a prima facie claim of race discrimination. Although, he argues that his suspension constituted an adverse employment action, he never specifically addresses the trial court's determination that he failed to present evidence that the suspension occurred under circumstances giving rise to an inference of discrimination. See *Yee v Shiawassee County Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002) ("[W]here a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court" (quotation marks omitted)). However, generously reading plaintiff's arguments relating to pretext, which address the alleged disparate treatment between defendant's Caucasian and African American employees, we will not treat plaintiff's claim as abandoned.

action; (3) he was qualified for the position; and (4) he suffered the adverse employment action under circumstances that give rise to an inference of unlawful discrimination. *Id*. at 463; see also *Wilcoxon v Minn Mining & Mfg Co*, 235 Mich App 347, 360-361; 597 NW2d 250 (1999).

A plaintiff can demonstrate an inference of unlawful discrimination by showing that an employer treated employees who were similarly situated to the plaintiff in all relevant respects, except for their respective races, unequally to the plaintiff. *Hecht*, 499 Mich at 607-608. "In order for this type of 'similarly situated' evidence alone to give rise to such an inference, however, our cases have held that the 'comparable' employees must be 'nearly identical' to the plaintiff in all relevant respects." *Id*. at 608. Additionally, a plaintiff must demonstrate that he or she was treated differently than persons of a nonprotected class for the same or similar conduct. *Reisman v Regents of Wayne State Univ*, 188 Mich App 526, 538; 470 NW2d 678 (1991). "Under either the direct evidence test or the *McDonnell Douglas* test, a plaintiff must establish a causal link between the discriminatory animus and the adverse employment decision" in order to establish the plaintiff's prima facie discrimination claim. *Sniecinski v Blue Cross and Blue Shield of Mich*, 469 Mich 124, 134-135; 666 NW2d 186 (2003).

Here, plaintiff failed to establish a prima facie case of race discrimination because there was no evidence he suffered the adverse employment action under circumstances that give rise to an inference of unlawful discrimination. *Hazle*, 464 Mich at 463; *Sniecinski*, 469 Mich at 134-135. As an initial matter, plaintiff did not assert that he had direct evidence of discrimination. Accordingly, plaintiff was required to satisfy the *McDonnell Douglas* test but he failed to do so. *Hazle*, 464 Mich at 463.

Plaintiff failed to present evidence to establish that the suspension occurred under circumstances that gave rise to an inference of unlawful discrimination because he did not properly identify similarly situated Caucasian employees.[2] *Hecht*, 499 Mich at 607-608. Plaintiff identified a technician as a similarly situated, Caucasian employee who returned from disability leave shortly after plaintiff returned from his disability leave. This Caucasian technician received a new work vehicle and more comprehensive training on updated work procedures than plaintiff received. But plaintiff presented no evidence that defendant failed to follow company procedures for assigning the vehicles or conducting training. Additionally, these apparent differences in treatment were not disciplinary in nature and, therefore, did not demonstrate that defendant treated plaintiff less favorably than the technician for the same or similar conduct. See *Reisman*, 188 Mich App at 538.

Plaintiff provided other instances to demonstrate African-American and Caucasian employees were disciplined differently: (1) the technician mentioned above, who damaged company property, but was not disciplined; (2) another technician, who brought a gun on site and, although he received a five-day suspension, was not terminated; (3) one employee, who masturbated in his work vehicle, but was not terminated; and (4) another employee, who used

---

[2] Although the parties previously disputed whether plaintiff's one-day suspension qualified as an adverse employment action, defendant now concedes that it does.

cocaine while at work, but was not terminated.[3]  Although these Caucasian employees were in a similar position as plaintiff, their conduct was not sufficiently similar to plaintiff's conduct of taking an extended, unapproved break.  Thus, plaintiff failed to offer evidence proving disparate treatment or demonstrating an inference of discrimination.  See *Hecht,* 499 Mich at 607-608.

Moreover, the provided employee discipline data did not support plaintiff's discrimination claim.  Plaintiff argued that the NSM issued more, but less severe, disciplinary actions to Caucasian employees.  He also argued that, in contrast, the NSM issued more severe disciplinary actions, including termination, with fewer opportunities to correct improper conduct to African-American employees.  For example, plaintiff compared the NSM's discipline of one Caucasian employee, which included three five-day suspensions, one two-day suspension, one one-day suspension, and a verbal warning, with the NSM's discipline of an African-American technician, which included two one-day suspensions, one five-day suspension, and termination.  Plaintiff asserted that the NSM terminated the African-American employee after fewer opportunities to correct his behavior than the Caucasian employee.  However, the record reveals that these employees both received the same discipline—a written warning and a one-day suspension—for the same conduct of failing to secure their work vehicle.  The African-American employee received the five-day suspension for failing to secure his work vehicle on a separate occasion, whereas the Caucasian employee received discipline for other conduct, including a work attendance issue.  This comparison did not demonstrate that the NSM generally treated Caucasian employees more favorably because the NSM issued the same discipline for the same conduct, and the other conduct and disciplinary results were not sufficiently similar.  See *id.*

Plaintiff likewise failed to demonstrate that this disciplinary data created an inference that the NSM disciplined plaintiff more severely because of his race.  *Hazle*, 464 Mich at 463. Plaintiff did not present any evidence that a one-day suspension for misusing company time for an unapproved break was a deviation from disciplinary standards.  Conversely, the disciplinary data supports the conclusion that the NSM treated African-American employees, including plaintiff, *more* favorably than Caucasian employees who also misused company time.  Plaintiff and another African-American technician each received a written warning and one-day suspension from the NSM for misusing company time.  In contrast, the NSM gave a Caucasian employee written warning and a five-day suspension for misusing company time and gave a

_____

[3] It is unclear whether the NSM was the area manager for all of the proffered Caucasian employees.  The provided discipline data indicates that the NSM issued various written and verbal warnings and suspensions to three of the employees.  The area manager testified during her deposition that another manager addressed the allegation that the remaining employee masturbated in his work vehicle.  These facts support the conclusion that plaintiff failed to establish that the same managers supervised the comparable Caucasian employees and plaintiff, the same managers issued plaintiff's proffered examples of disciplinary action, and plaintiff was similarly situated but treated less favorably than the proffered Caucasian employees.  See *Town v Mich Bell Telephone Co*, 455 Mich 688, 699-700; 568 NW2d 64 (1997) (holding that the plaintiff must demonstrate that all relevant aspects of the plaintiff's employment situation were nearly identical to the comparable employee's employment situation).

Caucasian technician written warnings and one-day and three-day suspensions for two instances of misusing company time. Plaintiff failed to present evidence of a similarly situated Caucasian employee who received more favorable treatment than he or any other African-American technician received. The trial court thus properly concluded that plaintiff's examples of comparative employees and conduct were unpersuasive, not sufficiently similar, and did not support his discrimination claim. See *Hecht*, 499 Mich at 608.

Furthermore, plaintiff failed to demonstrate how defendant's differing treatment of plaintiff and a specific Caucasian technician, and the NSM's general discipline record of African-American and Caucasian employees, were related to plaintiff's suspension. *Sniecinski*, 469 Mich at 134-135. Plaintiff did not show that the NSM disciplined him differently because of his race. Plaintiff also did not present evidence that his conduct was not punishable or was unfairly punished. Plaintiff presented no evidence that defendant, or more specifically the NSM, treated or disciplined a Caucasian employee more favorably for taking an unapproved break at a family member's house. Therefore, plaintiff failed to establish a causal link between his race and the adverse employment action. See *id*.

In conclusion, plaintiff failed to establish that the suspension occurred under circumstances that gave rise to an inference of unlawful discrimination because he did not demonstrate that defendant treated similarly situated Caucasian employees more favorably. Moreover, plaintiff failed to establish a causal link between his race and the suspension. Therefore, the trial court properly determined there were no genuine issues of material fact regarding whether plaintiff had established a prima facie claim of race discrimination and properly determined that defendant was entitled to summary disposition as a matter of law. See *Hazle*, 464 Mich at 463; *Joseph*, 491 Mich at 206.

## B. PRETEXT

Plaintiff's primary argument on appeal is that the trial court erroneously ignored his evidence of pretext. But because the trial court did not err in determining that plaintiff failed to establish a prima facie claim of discrimination, the burden never shifted to defendant to articulate a non-discriminatory reason for its adverse employment action. See *id*. at 464 (stating that if plaintiff establishes a prima facie case of discrimination, the employer may articulate and "has the burden of producing evidence that its employment actions were taken for a legitimate, nondiscriminatory reason"). Given that the burden never shifted to defendant, we decline to address plaintiff's arguments regarding pretext. See *Major v Newberry*, 316 Mich App 527, 541-542; 892 NW2d 402 (2016) (stating that if the employer articulates a non-discriminatory reason for its given action, a plaintiff can prevail if he presents evidence that the employer's explanation constituted a pretext for discrimination).

Affirmed.

/s/ James Robert Redford
/s/ Kathleen Jansen
/s/ Anica Letica

-6-